IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SNAPRAYS, LLC dba SNAPPOWER, a Utah limited liability company<br><br>Plaintiff<br><br>v.<br><br>AMERICAN TACK & HARDWARE CO., INC., a New York corporation,<br><br>Defendant | Case No. 3:24-cv-01228-B<br><br>Judge Jane Boyle |

**MOTION TO COMPEL DEFENDANT AMERICAN TACK & HARDWARE CO., INC.'S RESPONSES TO PLAINTIFF SNAPPOWER'S DISCOVERY REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff SnapRays, LLC dba SnapPower ("Plaintiff" or "SnapPower") respectfully moves the Court for an order compelling Defendant American Tack & Hardware Co. Inc. ("Defendant" or "AmerTac") to (1) produce Defendant's importation records responsive to SnapPower's discovery requests; (2) supplement its responses to confirm whether Defendant has produced all responsive documents; (3) overrule Defendant's time limitation and compel supplemental responses; and (4) pay SnapPower's attorneys' fees incurred in bringing this Motion pursuant to Rule 37(a)(5).

This patent infringement action requires discovery into, *inter alia*, alleged willful patent infringement and damages resulting from alleged infringement. Defendant AmerTac has failed to produce information, communications, and documents relevant to these core issues. Despite

several letters, emails, teleconferences, and nearly seven months of delay, AmerTac's responses remain deficient.

## I. BACKGROUND

SnapPower brought this action against Defendant for infringement now narrowed to five patents (collectively the "Asserted Patents").[1] On September 27, 2024, Plaintiff SnapPower served requests for production and interrogatories upon Defendant. (Declaration of Elliott Williams in Support of Plaintiff's Motion to Compel ("Williams Decl."), Ex. A.) Defendant served objections and responses to such requests on October 28, 2024. (*Id.* at Ex. B.) Plaintiff served an initial deficiency letter February 18, 2025, which identified deficiencies in 18 categories of document requests, including importation documents. (*Id.* at Ex. C.) Counsel for both parties met and conferred on March 3, 2025, to discuss the deficiencies identified in Plaintiff's February 18, 2025 letter. (*See id.* at Ex. D.) During the conferral Defendant agreed to supplement its responses and document production to remedy certain discovery deficiencies. (*See id.*) Defendant represented it had searched for *all* responsive documents notwithstanding its objections and had produced all responsive non-privileged documents found after a reasonable search unless stated otherwise in its written responses. (*See id.*) Defendant agreed to go back over its records and confirm in writing, by request number, which requests this was true for, and identify any exceptions. (*See id.*) Plaintiff sent a follow-up letter on March 12, 2025, memorializing the substance of the meet and confer. (*Id.*) In its follow-up letter, Plaintiff reiterated Defendant's deficiencies, Defendant's agreement to confirm in writing the requests for which Defendant had produced all responsive, non-privileged documents, and highlighted Defendant's failure to produce importation records for its powered

---

[1] U.S. Patent No. 10,109,945 (the '945 Patent), U.S. Patent No. 10,373,773 (the '773 Patent), U.S. Patent No. 10,381,788 (the '788 Patent), U.S. Patent No. 10,381,789 (the '789 Patent), and U.S. Patent No. 10,404,045 (the '045 Patent).

cover plate products or importation records for Defendant's costs associated with its powered cover plate products. (*Id.*) Defendant did not respond to that letter.

On April 9, 2025, Plaintiff sent Defendant an email allowing Defendant a week, to April 16, 2025, to remedy the discovery deficiencies as it has stated it would at the meet and confer more than a month prior, and which was due nearly seven months ago. (Williams Decl., Ex. E.) Defendant responded by email asserting that Plaintiff's reduction of claims "significantly impacts the scope of discovery" including because its accused first generation design was designed and sold before the October 23, 2018, issue date of the earliest of the remaining Asserted Patents. (*Id.* at Ex. F.) Thus, Defendant indicated that it will "review SnapPower's requests and Amertac's response in view of the claim reduction" but would not respond by Wednesday as requested and provided no date certain by which it would respond. (*Id.*)

This response was shocking for two reasons. First, Defendant's prior discovery responses stated that Defendant would produce sales information during the applicable statute of limitations, since May 21, 2018, six years prior to the filing of the Complaint. (*Id.* at Ex. B, response to Request No. 10.) Defendant then produced sales information beginning January 2019, implying that there were ***no*** sales of Accused Products in 2018. (Williams Decl., ¶ 11.) Plaintiff relied on that information in reducing its claims and dropping its two earliest patents from the case.[2] Second, Plaintiff disputes that the reduction of claims significantly alters the scope of discovery, and any alteration of that scope would only reduce the burden on Defendant to fully comply with its obligations. Thus, this is not a valid excuse to further delay complying with its discovery

[2] Plaintiff is reviewing its selection of claims based on Defendant's subsequent disclosure of the sales information improperly withheld and reserves the right to amend its selection of claims accordingly.

obligations that are nearly seven months overdue and which it stated would supplement over a month ago. Plaintiff informed Defendant of its position via email that same day. (*Id.* at Ex. G.)

In an apparent effort to stave off the present motion, Defendant served supplemental responses to Plaintiff's first set of interrogatories on April 16, 2025. (*Id.* at Ex. H.) Defendant's supplemental responses and production were paltry at best. Defendant produced a single document – an updated organization chart. (*Id.* at ¶ 12.) Defendant corrected its response to Interrogatory 3 concerning sales information to state that it had produced sales information beginning in 2019 (not May 2018 as previously represented and required under the statute of limitations). (*Id*. at Ex. H.) Defendant also updated its responses to identify Defendant's current CEO in place of its departed CEO. (*Id.*) Last, Defendant updated its response to Interrogatory 7 concerning its design around efforts to (improperly) argue, "Any responsive information or documents beyond the statute of limitations or before the issue dates of the asserted patents are beyond the scope of this case." (*Id.*)

Additionally, the supplemental responses do not include any acknowledgement or response to the importation document requests at issue, namely, SnapPower's Request for Production numbers 21, 27, 33, 61, 95, and 97. (Williams Decl., Ex. H.) Nor did the supplemental responses confirm in writing, as Defendant said it would, whether Defendant has in fact searched for all responsive documents notwithstanding its objections and; whether Defendant has produced all responsive non-privileged documents found after a reasonable search. (*See id.*)

As such, these issues are ripe for the Court's decision. Defendant must produce documents and things relating to the importation of each of Defendant's Powered Cover Plates manufactured, purchased, or sold by AmerTac and imported into the United States. Defendant has objected and failed to produce documents and things related to SnapPower's Request for Production numbers 21, 27, 33, 61, 95, and 97. Defendant further owes to SnapPower written confirmation of the

Requests for Production on which Defendant has search for and produced all responsive non-privileged documents, or state that documents have been withheld and the reason for withholding them.

## II. ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." FED. R. CIV. P. 26(b)(1). A request for discovery "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N. D. Tex. 2005) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

"[R]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Taylor v. Rothstein Kass & Co., PLLC*, 3:19-cv-1594-D, 2020 WL 7321174, at *2 (N.D. Tex. Dec. 11, 2020) (quoting *Merrill*, 227 F.R.D. at 470). Plaintiff cannot show that a request for Plaintiff's personnel records is not relevant.

Rule 26(b)(1) expressly provides that the "the relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." If the discovery appears relevant, the opposing party bears the burden of establishing lack of relevance by showing the requested discovery either does not come "within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1)," or is of such marginal relevance that the potential harm outweighs the ordinary presumption in favor of broad disclosure. *Merrill*, 227 F.R.D. at 470–471 (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)).

Plaintiff's requests for importation documents are detailed below. The six requests at issue specifically seek:

> 21. Separately, for each Powered Cover Plate manufactured, purchased, or sold by AmerTac and imported into the United States, all purchase orders, receipts, commercial invoices, supply agreements, and customs entry documents, including documents sufficient to identify each manufacturer, exporter, importer, HTS classification, goods description, and consignee (including any person or entity that held title to the Powered Cover Plates) involved in the importation process.
>
> 27. Documents sufficient to show each port of entry into the United States used by you or on your behalf or by any Third Party for the importation of each of the Powered Cover Plates.
>
> 33. Documents sufficient to show, for each Powered Cover Plate imported, made, sold, offered for sale, or used in United States for or by you: (a) whether such Powered Cover Plate has been or is expected to be imported into the United States; (b) the dates of such importation or expected importation; (c) the quantity of such importation; (d) the value of the imported product; (e) the ports or expected ports of importation and exportation; and (f) the person(s) responsible for or involved in such importation.
>
> 61. Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of any Powered Cover Plate imported, made, sold, offered for sale, or used in United States for or by you.
>
> 95. All communications with U.S. Customs and Border Protection regarding Powered Cover Plates or SnapPower.
>
> 97. Documents sufficient to show the volume in units of each type (by model number or part number) of Powered Cover Plates You hold as inventory in the United States, since January 1, 2014, on a quarterly basis.

(Ex. A, Request No.'s 21, 27, 33, 61, 95, and 97.) "[W]hoever without authority makes, uses, offers to sell . . . or *imports* into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a) (emphasis added). Defendant has expressly stated it is withholding importation documents that are central to Plaintiff's claim of infringement. (Ex. B Response No.'s 95 and 97 ("Defendant is withholding documents based upon

these objections.”)) The above requests are relevant to proving damages, infringement, and willful infringement. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1995). For example, Plaintiff expects that Defendant’s importation and customs documents requested will reveal Defendant has taken efforts to evade a General Exclusion Order enforced by U.S. Customs and Border Protection,[3] excluding Defendant’s Accused Products from importation into the United States. This information is relevant to Defendant’s *mens rea* regarding willful infringement and tends to establish that this case is exceptional under 35 U.S.C.§ 285.

Defendant has failed to produce *any* documents or emails responsive to the above disputed requests. Defendant instead objects to each stating each request is “overly broad, unduly burdensome, and not proportional to the needs of the case,” alleging the requests are “not limited to the Accused Products.” (Williams Decl., Ex. B, Response No.’s 21, 27, 33, 61, 95, and 97.) However, the requests are specifically narrowed to defined Power Cover Plates.[4] Additionally, these objections do not excuse Defendant from producing any subset of responsive information that is not “overly broad, unduly burdensome, and not proportional to the case.” *Valdez v. Genesis Healthcare LLC*, No. 2:19-CV-00976-DMG-JC, 2021 WL 5989963, at *11 (C.D. Cal. Sept. 7, 2021). Defendant’s response to Request No.’s 95 and 97 further asserts, “Defendant is withholding documents based upon these objections,” thereby indicating it possesses responsive information. (Williams Decl., Ex. B, Response No.’s 95 and 97.)

[3] For example, Customs Ruling Letter HQ H334472, dated December 20, 2023, states that “CBP’s position is that the articles at issue [Defendant’s Accused LumiCover and GloCover products] are subject to the general exclusion order issued by the U.S. International Trade Commission in Investigation No. 337-TA-1124.” (Williams Decl., Ex. I.)

[4] “Power Cover Plates” are defined in Plaintiff’s requests as “a cover plate for an electrical receptacle with built-in functionality that does not plug into the receptacle, including without limitation the GloCover and LumiCover products of AmerTac.” (Williams Decl., Ex. A.)

In addition to the improper objections above, Defendant's response to Request for Production No.'s 21, 27 33, 61, states it is "not limited with respect to time" when in fact the requests are inherently limited to the period Defendant sold and/or imported the Powered Cover Plates central to this case. (*Id.* Response No.'s 21, 27, 33, 61.)

Without substantive production to the six requests at issue, Plaintiff is unable to accurately assess damages and the extent of Defendant's infringing activities. Notably, Defendant does not argue that the requests at issue are irrelevant. Instead, Defendant claims each are over broad but expressly states it is withholding responsive documents to at least two of the requests.

Regarding the balance of Defendant's responses to document requests, SnapPower cannot ascertain whether Defendant is improperly withholding information. During meet-and-confer on March 3, 2025, Defendant represented it had searched for all responsive documents notwithstanding its objections, had produced all responsive non-privileged documents found after a reasonable search, and would confirm in writing, by request number, which requests this was true for, and identify any exceptions. Despite multiple follow-ups, including Plaintiff's letter of March 12, 2025 (Williams Decl., Ex. D.), and email of April 9, 2025 (*id.* at Ex. E.), Defendant still has not delivered the written confirmation and information that it offered during meet-and-confer more than a month ago. And Plaintiff's reduction of claims is irrelevant to this issue because if Defendant's responses were complete before, as Defendant represented, its responses would still be complete after reduction of claims, which could only narrow the scope of required production.

With respect to Defendant's supplemental interrogatory responses (*id.* at Ex. H.), SnapPower requests that the Court overrule Defendant's objection: "Any responsive information or documents beyond the statute of limitations or before the issue dates of the asserted patents are beyond the scope of this case." (*Id.*) Defendant's new objection based on the statute of limitations

is improper. While the statute of limitations limits the time to file a claim or the span of potential recovery, it does not so limit discovery. *Janvey v. Proskauer Rose LLP*, No. 3:13-CV-477-N-BG, 2017 WL 11499756, at *7 (N.D. Tex. June 19, 2017) ("While . . . [the statute of limitations] may ultimately limit the time span for the Receiver's potential recovery . . . the issue remains unresolved during the pretrial phase of the case and constitutes fair game for the discovery process"); *Gottesman v. Santana*, No. 16-CV-2902 JLS (JLB), 2017 WL 5889765, at *5 (S.D. Cal. Nov. 29, 2017) ("The statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery"); *Allen v. Similasan Corp.*, No. 12-CV-376-BAS-JLB, 2014 WL 2212120, at *2 (S.D. Cal. May 27, 2014) (statute of limitations is an affirmative defense that does not generally affect discovery).

SnapPower's requests are inherently limited to the period Defendant sold and/or imported the Powered Cover Plates at issue in this case. *Id.* SnapPower requests that the Court expressly overrule Defendant's objections, including the new statute of limitations objection, and compel Defendant to supplement its responses accordingly.

## CONCLUSION

For these reasons, the Court should grant Plaintiff's motion to compel, order Defendant to fully respond to Plaintiff's discovery requests in their entirety as set forth above and in the Proposed Order submitted herewith, and award Plaintiff its attorneys' fees incurred in bringing this motion.

Date: April 18, 2025

Respectfully submitted,

STOEL RIVES LLP

*/s/* Elliott J. Williams
Elliott J. Williams, Oregon Bar No. 144835

elliott.williams@stoel.com
Nathan C. Brunette, Oregon Bar No. 090913
nathan.brunette@stoel.com
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
Telephone: (503) 294-9571

Chad E Nydegger
Workman Nydegger
60 East South Temple
Ste 1000
Salt Lake City, UT 84111
Telephone: 801-533-9800

C. Brenton Kruger
brent.kruger@solidcounsel.com
Scheef & Stone, LLP
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone: 214-706-4249

Michael C. Smith, Texas Bar No. 18650410
michael.smith@solidcounsel.com
Scheef & Stone, LLP
113 East Austin Street
Marshall, Texas 75670
Telephone: (903) 938-8900

*Attorneys for Plaintiff SnapRays, LLC dba SnapPower.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that Counsel for Plaintiff SnapRays, LLC dba SnapPower conferred on the relief sought in this motion with Defendant's counsel, including via telephone conference on March 3, 2025, via letters dated February 18, 2025, and March 12, 2025, and by several emails, and Defendant opposes the relief sought.

*/s/* Elliott J. Williams
Elliott J. Williams

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on all counsel of record through the Court's electronic filing system on April 18, 2025.

*/s/* Elliott J. Williams
Elliott J. Williams